IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Structural Preservation Systems, LLC, | |
| Plaintiff, | |
| vs. | Case No. 1:24-cv-00075 |
| Dakota Gasification Company, | |
| Defendant. | |

## ORDER TO SUPPLEMENT RECORD

[¶1]   THIS MATTER comes before the Court *sua sponte* regarding the citizenship the Plaintiff, Structural Preservation Systems, LLC. See Mt. Healthy City Sch. Dist. Bd. Of Educ. V. Doyle, 429 U.S. 274, 278 (1977) (noting federal courts have a duty to consider, *sua sponte*, whether they have subject matter jurisdiction over the controversy before allowing the case to continue).

[¶2]   Jurisdiction in the Complaint is based diversity of citizenship under 28 U.S.C. § 1332. Doc. No. 1, ¶ 6. Defendant is a citizen of North Dakota. Id. at ¶ 5. Plaintiff is a Maryland limited liability company. Id. at ¶ 3. It has its principal place of business in Maryland. Id. Its sole member is another Maryland LLC—Structural Holdings, LLC—whose principal place of business is also in Maryland. Id. at ¶ 4. No more information is known about Structural Holdings. For jurisdictional purposes, this is problematic.

[¶3]   An LLC's citizenship is the same as that of each of its members. GMAC Com. Credit LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 829 (8th Cir. 2004) ("Holding an LLC's citizenship is that of its members for diversity jurisdiction purposes, we are unable, form this record, to determine the citizenship of GMAC's members."). When a member of an LLC is yet another LLC,

the layers must be peeled back until the citizenship of a natural person or corporation is determined. See Torie Bauer v. Equinor Energy LP, 2023 WL 9595357, *1 (D.N.D. June 27, 2023) (quoting Niemann v. Carlsen, 2023 WL 22038 at *1 (E.D. Mo. Jan. 3, 2023) ("[I]f any member is itself a partnership or limited liability company, then the identity of each member of each of these entities must be traced until we reach a corporation or natural person")).

[¶4]  The citizenship of Structural Holdings' members is not alleged. If Structural Holdings has a member who is a North Dakota citizen, Plaintiff would also be a citizen of North Dakota. See GMAC Com. Credit, 357 F.3d at 829 ("[A]n LLC's citizenship is that of its members."). But "[i]f any plaintiff is a citizen of the same state as any defendant, there is not 'complete diversity' and federal courts lack jurisdiction." Great River Entm't, LLC v. Zurich Am. Ins. Co., 81 F.4th 1261, 1262 (8th Cir. 2023). For now, the Court cannot conclude there is complete diversity of citizenship between Plaintiff and Defendant.

[¶5]  Accordingly, the Plaintiff is **ORDERED** to file a corporate disclosure statement[1] by **May 20, 2024**, setting forth the citizenship of Structural Holdings, LLC's members.

[¶6]  **IT IS SO ORDERED.**

DATED May 6, 2024.

Daniel M. Traynor, District Judge
United States District Court

---

[1] When jurisdiction is based on diversity of citizenship, Rule 7.1 of the Federal Rules of Civil Procedure requires a party to file a disclosure statement, which "must name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party" at the time the case is filed. Fed. R. Civ. P. 7.1(a)(2)(A).